**John W. BLACKVILLE, Appellant,**

**v.**

**Winston C. WILLOUGHBY, Appellee.**

**No. 2408.**

Municipal Court of Appeals for the District of Columbia.

Argued June 15, 1959.

Decided Sept. 18, 1959.

Fred C. Sacks, Washington, D. C., for appellant.

William A. Robinson, Washington, D. C., with whom Wesley S. Williams, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

We are here concerned with the provisions of Rule 13(a) of the trial court as they relate to the instant litigation.[1]

---

1. "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, over which the court has jurisdiction, *which at the time of serving the pleading the pleader has against any op-* *posing party*, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." (Emphasis supplied.)

On January 29, 1958, appellant sued appellee, a dentist, for damages in a complaint in two counts: (1) for breach of warranty, and (2) for negligence. The first count alleged that on July 8, 1957, appellee agreed to perform dental work for appellant, consisting of certain extractions and the furnishing of dental plates, warranting that after completion of the work appellant would suffer no pain and would be able to eat all types of food. That on July 13, 1957, appellee completed the work and in a few days appellant complained of pain in his gum, and on August 2, 1957, complained that the plates did not fit making it impossible for him to eat hard foods, and that appellee failed to remedy these conditions. That shortly thereafter appellant discovered that appellee had permitted a portion of bone to remain in his gum when he extracted the teeth and that when the pain became unberable he went to another dentist who on January 11, 1958, removed the bone splinter. The second count, sounding in tort, alleged that on July 13, 1957, appellee negligently and carelessly permitted the bone splinter to remain in appellant's gum, causing him to suffer pain and inconvenience, and allowed this condition to continue for more than six months, when the condition was corrected by another dentist.

Appellee answered denying liability under either count and affirmatively pleaded that under the provisions of Rule 13(a) appellant was required to litigate the foregoing claims against appellee in C. A. No. M 32774–57, Municipal Court, wherein appellee, on October 31, 1957, had sued appellant for the agreed contract price for the same dental services described in the present litigation and had secured judgment against him.[2]

This case came on for trial before a jury; according to the record, at its outset, the court *sua sponte* raised the question of "the application of Rule 13(a) of the Mu-

nicipal Court Rules covering the filing of compulsory counterclaims and the doctrine of res judicata." After hearing arguments on the question it "found that the plaintiff [appellant] was barred by application of said rule, and doctrine of res judicata, in that the claim set forth in the present complaint was required to be included in a compulsory counterclaim in the original suit filed by the defendant [appellee] on October 31, 1957 * * *." It accordingly directed a verdict for appellee; judgment for him was thereafter rendered and this appeal followed.

The record seems to clearly indicate that appellant knew of certain defects in the dental work at the time he was served with process in the prior suit; it is not clear, however, as to when he learned of the bone splinter in his gum. We feel that before the court applied Rule 13(a) and the doctrine of res judicata, testimony and a finding should have been made on this facet of the case.

Reversed with instructions to grant a new trial.

2. In the prior suit appellant was personally served; he did not appear nor answer and a default judgment was entered against him on November 27, 1957.